Alan L. Barry
BELL, BOYD & LLOYD LLC
Three First National Plaza, Suite 3000
Chicago, Illinois 60602
Telephone (312) 372-1121

Attorneys for Plaintiff
Square D Company

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: CIRCUIT BREAKER LITIGATION | MASTER NO. CV 88-03012 CBM<br>THIS DOCUMENT RELATES TO ALL CASES<br>HON. CONSUELO B. MARSHALL<br>**SQUARE D COMPANY'S [PROPOSED] FINAL JUDGMENT** |

Pursuant to this Court's (i) Findings of Fact and Conclusions of Law re: Square D Company, dated May 24, 1999; (ii) Order re: Plaintiff's Motions for Partial Summary Judgment on Defendants' Trade Libel and Defamation Counterclaims, dated February 24, 1997; and (iii) Order re: Plaintiffs' Motions for Partial Summary Judgment Against Defendants' Antitrust and Intentional Interference Counterclaims dated April 1, 1997, it is hereby ORDERED, ADJUDGED AND DECREED that

**Square D's Claims Against Panelboard and Jaime Contreras**

A. Panelboard Specialties and Wholesale Electric, Inc. ("Panelboard") and Jaime Contreras have counterfeited the Square D Company Marks ("Square D Marks") in violation of 15 U.S.C. § 1114, and judgment is entered in Square D's favor;

B. Panelboard's and Jaime Contreras' counterfeiting of the Square D Marks was intentional under 15 U.S.C. § 1117(b);

343310/C/1 WF8X01_

C. Panelboard and Jaime Contreras have infringed the Square D Marks in violation of 15 U.S.C. § 1114, and judgment is entered in Square D's favor;

D. Panelboard's and Jaime Contreras' infringement of the Square D Marks was willful, ~~and this case is exceptional under 15 U.S.C. § 1117(a)~~;

E. Panelboard's and Jaime Contreras' use of the Square D Marks constitutes unfair competition in violation of 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200, and judgment is entered in Square D's favor;

F. Panelboard's and Jaime Contreras' failure to disclose or label the condition of its used or reconditioned molded case circuit breakers violates Cal. Bus. & Prof. Code §§ 17200 and 17531, and judgment is entered in Square D's favor;

G. Square D did not establish its trademark dilution claim under Cal. Bus. & Prof. Code § 14330 against Panelboard and Jaime Contreras; and judgment is entered in Panelboard's and Jaime Contreras' favor;

H. Square D's request for a permanent injunction against Panelboard and Jaime Contreras is denied;

~~I. Square D is entitled to reasonable attorneys' fees and costs under 15 U.S.C. § 1117(a) the Lanham Act;~~

~~J. Square D is entitled to reasonable attorneys' fees and costs under 15 U.S.C. § 1117(b) the Lanham Act;~~

K. As the prevailing party, Square D may file a bill cost and is given leave to do so pursuant to Local Rule 16 within 30 days after the entry of this judgment; and

~~L. Square D is awarded costs in the amount of $_____ against Panelboard and Jaime Contreras.~~

**Square D's Claims against GCB and Xavier Contreras**

A. General Circuit Breaker & Electric Supply, Inc. ("GCB") and Xavier Contreras have counterfeited the Square D Marks in violation of 15 U.S.C. § 1114, and judgment is entered in Square D's favor;

B. GCB's and Xavier Contreras' counterfeiting of the Square D Marks was intentional under 15 U.S.C. § 1117(b);

C. GCB and Xavier Conteras have infringed the Square D Marks in violation of 15 U.S.C. § 1114, and judgment is entered in Square D's favor;

D. GCB's and Xavier Contreras' infringement of the Square D Marks was willful, ~~and this case is exceptional under 15 U.S.C. § 1117(a);~~

E. GCB's and Xavier Contreras' use of the Square D Marks constitutes unfair competition in violation of 15 U.S.C. § 1125(a) and Cal. Bus. & Prof. Code § 17200, and judgment is entered in Square D's favor;

F. GCB's and Xavier Contreras' failure to disclose or label the condition of its used or reconditioned molded case circuit breakers violates Cal. Bus. & Prof. Code §§ 17200 and 17531;

G. Square D did not establish its trademark dilution claim under Cal. Bus. & Prof. Code § 14330 against GCB's and Xavier Contreras, and judgment is entered in GCB's and Xavier Contreras' favor;

H. Square D's request for a permanent injunction against GCB's and Xavier Contreras is denied;

I. ~~Square D is entitled to reasonable attorneys' fees and costs under the Lanham Act;~~

343310/C/1  WF8X01_    3

J.   As a prevailing party, Square D may file a bill costs and is given leave to do so within 30 days after the entry of this judgment, *pursuant to Local Rule 16.* and

K.   ~~Square D is awarded costs in the amount of $_____ against GCB and Xavier Contreras.~~

**Defendants' Counterclaims**

A.   Judgment is granted in Square D's favor as to GCB's antitrust counterclaim under 15 U.S.C. § 1;

B.   Judgment is granted in Square D's favor as to GCB's abuse of process claim.

C.   Judgment is granted in Square D's favor as to GCB's and Xavier Contreras' intentional interference with prospective economic advantage under California law;

D.   Judgment is entered in Square D's favor on GCB's wrongful seizure counterclaim under § 1116(b) of the Lanham Act;

E.   Judgment is entered in Square D's favor on GCB's wrongful seizure counterclaim under § 14340(c) of the California Business and Professional Code Act;

F.   Judgment is entered in Square D's favor on Xavier Contreras' and GCB's trade libel counterclaims under California law;

G.   Judgment is entered in Square D's favor on Xavier Contreras' defamation counterclaim under California law;

H.   Judgment is granted in Square D's favor as to Panelboard's antitrust counterclaim under 15 U.S.C. § 1;

I. Judgment is granted in Square D's favor as to Jaime Contreras' and Panelboard's intentional interference with prospective economic advantage under California law;

J. Judgment is granted in Square D's favor as to Jaime Contreras' and Panelboard's trade libel counterclaims under California law;

K. Judgment is granted in Square D's favor as to Jaime Contreras' defamation counterclaim under California law;

L. Judgment is granted in Square D's favor as to Panelboard's unfair competition counterclaim under § 43(a)(1) of the Lanham Act; and

M. Judgment is granted in Square D's favor as to Panelboard's false representation counterclaim under § 43(a)(2) of the Lanham Act.

Dated this _10_ th day of ~~November 2000~~ Jan. 2001.

Hon. Consuelo B. Marshall
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that (1) I am an attorney admitted to appear before this Court and (2) I caused a true and correct copy of the Proposed Final Judgment, to be sent via first-class mail postage pre-paid to all counsel on the attached service list on the 20th day of November 2000.

_____
One of the Attorneys for Plaintiff
Square D Company

## SERVICE LIST

1
2
3
4  George A. Oakes, Esq.
   THROCKMORTON, BECKSTROM
5   OAKES & TOMASSIAN
   225 South Lake Avenue, 5th Floor
6  Pasadena, CA  91101

7  J. Scott Bennett, Esq.
   LAW OFFICES OF J. SCOTT BENNETT
8  506 W. Graham Avenue
   Suite 104
9  Lake Elsinore, CA  92530

10
   John B. Stephens, Esq.
11 PUMILIA, ADAMEC & STEPHENS
   650 Town Center Drive, Suite 550
12 Costa Mesa, CA  92626

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28